Argued and submitted November 21, 1995, affirmed January 17, 1996

## Ralph W. ROBINSON;
## Harry Rubenstein; and Neal K. Sande,
*Appellants,*

*v.*

## Ina Louise GROH,
*Respondent.*

## (16-94-00814; CA A86555)

909 P2d 1240

James N. Westwood argued the cause for appellants. With him on the briefs were Charles O. Porter and Miller, Nash, Wiener, Hager & Carlsen.

Charles D. Carlson argued the cause for respondent. With him on the brief was Brown, Roseta, Long & McConville.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs appeal from a judgment entered pursuant to an order granting summary judgment. ORCP 47. The judgment dismisses their claim against defendant for an alleged wrongful use of a civil proceeding. We affirm.

In early 1994, plaintiffs filed their claim. Defendant answered, denying the material allegations of the claim and alleging certain affirmative defenses, including that the applicable statute of limitations had run on plaintiffs' claim. Thereafter, defendant moved for summary judgment, arguing that the statute of limitations had expired, that plaintiffs' claim failed to state ultimate facts to state a claim, and that the claim was barred by "collateral estoppel/res judicata." Plaintiffs filed their memorandum in opposition to the motion and submitted the matter on the record.

Unknown to plaintiffs' counsel, the matter was assigned to Judge Merten for a ruling. On October 26, 1994, the trial court signed an order allowing defendant's motion. On October 31 at 3:10 p.m., plaintiffs filed with the court clerk what they characterized as a motion "[to set aside] defendant's [m]otion for [s]ummary [j]udgment granted by [Judge Merten]." The stated ground for plaintiffs' motion was that Judge Merten was biased against plaintiffs' counsel and that, had counsel been aware that the case had been assigned to Judge Merten for ruling, counsel would have moved pursuant to ORS 14.210 *et seq* for recusal. The motion did not contain any statement of an ORCP rule as the basis for the motion. At 4:40 p.m. on the same day, a final judgment based on the order for summary judgment signed by Judge Merten was filed with the clerk. On November 25, presiding Judge Mattison denied plaintiffs' motion to set aside Judge Merten's order.

Plaintiffs appeal from the October 31 judgment. They assign error on three grounds to the trial court's denial of their motion to set aside the summary judgment. Plaintiffs have not assigned error to either the order granting summary judgment or the judgment entered thereafter. *See* ORAP 5.45(2) ("[N]o matter assigned as error will be considered on appeal unless * * * assigned as error in the party's opening brief[.]"). Moreover, the first ground raised on appeal is the

only one that they raised in their motion to the trial court. Plaintiffs' other grounds pertain to the reasons for the summary judgment. We decline to consider any claimed errors not preserved by argument to the trial court. ORAP 5.45(2).

Plaintiffs first argue that the "court erred in denying plaintiffs' [m]otion to [s]et aside [the] [o]rder because the parties did not receive * * * notice of the change of judges[.]" Although plaintiffs appeal from an "appealable thing," *i.e.*, a final judgment, what law is applicable to their assignment of error is not so obvious. Plaintiffs' motion to the trial court says that it is based "on the provisions of ORS 14.210-14.270." However, the motion does not seek to disqualify Judge Merten from further presiding in the case, but rather to set aside his order for summary judgment. Also, by the time that plaintiffs filed their motion, Judge Merten had ruled, and ORS 14.270 prohibits a motion for recusal after a ruling on a motion for summary judgment. In their briefs, plaintiffs refer to ORCP 71 B as the basis for their motion. However, their motion could not implicate ORCP 71 B(1) because it did not seek to relieve them from the effect of the October 31 judgment. Rather, it sought to set aside the October 26 order.

Arguably, plaintiffs' motion could be brought under ORCP 64, which permits a motion for a new trial after judgment is entered. Assuming without deciding that the issue of the timeliness of such a motion has been waived by defendant's failure to raise an objection,[1] an appeal from a final judgment could conceivably give rise to an assignment of error for the denial of a motion for a new trial under certain subsections of ORCP 64 B.[2] *Benson v. Birch*, 139 Or 459, 467, 10 P2d 1050 (1932). However, there is no hint of any reference to ORCP 64 in the trial court record or any other indication that the trial court considered plaintiffs' motion under the grounds listed in ORCP 64 B. Moreover, plaintiffs

---

[1] In *Highway Commission v. Fisch-Or*, 241 Or 412, 399 P2d 1011, 400 P2d 539 (1965), the court held that a motion for a new trial filed prematurely before judgment was not void, but voidable, and that the irregularity was deemed waived when no objection as to timeliness was made to the trial court.

[2] For instance, ORCP 64 B(1) provides that a judgment may be set aside and a new trial granted where there has been an "[i]rregularity in the proceedings of the court * * * by which such party was prevented from having fair trial."

do not assert on appeal that their motion was made pursuant to ORCP 64. ORCP 64 D[3] allows the court to consider a motion for a new trial if the grounds upon which it is based are "plainly specified." ORCP 64 C states that the grounds upon which the motion may be granted are specified in ORCP 64 B. Because plaintiffs did not "plainly specif[y]" a ground under ORCP 64 to the trial court, nor do they make such an argument before us, there is nothing to review.

Affirmed.

---

[3] ORCP 64 D provides, in part:

"In all cases of motion for a new trial, the grounds thereof shall be plainly specified, and no cause of new trial not so stated shall be considered or regarded by the court."